**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CARMENCITA BRUNO,

                Plaintiff,

- v -                            Civ. No. 1:12-CV-0285
                                                      (GTS/RFT)

THE CITY OF SCHENECTADY, *et al.*,

                Defendants.

**APPEARANCES:**                                          **OF COUNSEL:**

CARMENCITA BRUNO
Plaintiff, *Pro Se*
64 Delaware Avenue
Suite 2
Delmar, New York 12054

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a civil rights Complaint, pursuant to 42 U.S.C. § 1983, and a Motion to Proceed *In Forma Pauperis* (IFP), filed by *pro se* Plaintiff Carmencita Bruno, who is an attorney. Dkt. No. 1, Compl.; Dkt. No. 2, IFP App. According to the Complaint, on November 17, 2010, Plaintiff arrived at her home and discovered multiple fire and police personnel attending to a fire incident that occurred at her home. Compl. at ¶¶ 25-26. Plaintiff immediately informed the emergency personnel that her dogs were in the house and asked for assistance in saving them. *Id*.

at ¶ 26. Such efforts were continuously rebuffed and, after being restrained by several officers, Plaintiff was arrested, dragged and placed in a police car, and eventually taken to the police station, where she was required to answer questions and fill out paperwork prior to being placed in a locked cell. *Id*. at ¶¶ 27-41. Plaintiff asserts that as a result of the altercation with the unnamed police officers, she suffered bruising, humiliation, as well as other physical and mental damages. She also asserts that she was never read her Miranda Rights and her requests for medical attention for her traumatic brain injury condition were persistently denied. For a more complete statement of Plaintiff's claims, reference is made to the Complaint.

## I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Plaintiff has submitted an *In Forma Pauperis* Application. Dkt. No. 2. After reviewing Plaintiff's Application, we find that she may properly proceed *in forma pauperis*.

### B. Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

The crux of Plaintiff's Complaint concerns the way she was treated on the date of the fire incident, both before and after her arrest, and the loss of her canine companions. She alleges several federal causes of action pursuant to 42 U.S.C. § 1983 for: 1) failure to properly implement policies, customs, and practices with regard to canine pets; 2) use of excessive force; 3) false arrest;[1] and 4) deprivation of property without due process.[2] She also asserts several state common law violations

---

[1] It appears from the Complaint that as a result of the altercation with the police, Plaintiff was charged with a crime, possibly for interfering with a government investigation. *See* Compl. at ¶¶ 32 (police arrested her), 40-41 (police put her into a jail cell), 48 (police gave Plaintiff a "ticket"), 53 (Plaintiff's attorney's request for an adjournment of Plaintiff's appearance to be arraigned and fingerprinted was denied), 79 (city has prolonged prosecution and refuses to drop the charges), 81 (police falsely charged her with "intervening with a governmental investigation"), 83 (Plaintiff rebuked district attorney's offer for adjournment in contemplation of dismissal), & 88 (Plaintiff's counsel moved to dismiss the criminal charges). Based upon the allegations in her Complaint, it further appears that such prosecution continues to date, or at least as of the date she submitted her Complaint for filing. *Id*. at ¶ 90 (noting that because Plaintiff could no longer afford her attorney, she asked the court for appointment of a public defender; "[a]s of this writing Plaintiff has not heard from the Court"). Based on the Supreme Court's decision in *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994), and the Second Circuit's decision in *Covington v. City of New York*, 171 F.3d 117, 124 (2d Cir. 1999), this Court was prepared to recommend that Plaintiff's § 1983 claim for false arrest is premature and should be dismissed. However, a more recent decision from the Supreme Court suggests that *Heck* is only applicable when there exists a conviction or sentence; conversely, where there has not yet been such an adjudication, the tolling rules of *Heck* do not apply, such as in the pre-conviction context. *See Wallace v. Kato*, 549 U.S. 384, 393 (2007) (noting that the *Heck* rule for deferred accrual is called into play only when there exists "a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment"). The teaching of *Wallace* is for a court to employ a stay of a cause of action, rather than dismissal so as to prevent interfering with not only the state criminal proceeding, but also the claim's viability vis-a-vis the statute of limitations. *Id*. at 393-94 (citing *Heck v. Humphrey*, 512 U.S. at 487 n.8 for the proposition that "[i]f a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

[2] Though Plaintiff notes in her facts section that she was denied, or rather delayed, proper medical attention, she does not specifically bring a claim for deliberate indifference of a serious medical need.

for: 1) false imprisonment; 2) negligence; 3) negligent supervision; 4) conversion; and 5) battery.  There are several impediments to Plaintiff maintaining all of these causes of action, as discussed more fully below.

The basis for federal jurisdiction is the fact that Plaintiff brings this action, in part, pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law."  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Much of the Complaint, however, is devoid of allegations against any named (or unidentified) Defendant.  Instead, Plaintiff states generally that the facts are applicable to all Defendants.  But this generalization runs afoul of common sense, in that, it is not plausible that all fourteen Defendants (some of which are not identified

by name, while others are entities, such as the Village of Scotia Fire Department) participated in the same manner in each instance of wrongdoing as she alleges. In this regard, there seems to be a lack of personal involvement attributable to any of the named, as well as unidentified, Defendants. The Second Circuit has held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). Moreover, "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement." *Kinch v. Artuz*, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) & *Wright v. Smith*, 21 F.3d at 501) (further citations omitted). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009). For this reason, the entire Complaint is subject to dismissal.[3] Although Plaintiff is an attorney, she alleges that she suffers from traumatic brain injury, thus, we recommend that prior to outright dismissal, she be afforded some leniency and be given an opportunity to amend her Complaint to properly assert the role each Defendant played in the alleged state and federal violations.

---

[3] If Plaintiff's § 1983 claims were dismissed, this Court would have no basis for subject matter jurisdiction over this case.

Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by

reference. **Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Complaint should be **dismissed** for failure to state the personal involvement of any Defendant. However, in light of her alleged disability, this Court further **RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to amend her Complaint to properly allege the personal involvement of each Defendant, including those identified by name, those unidentified, and those identified only as an entity or municipality; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT**

**WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:  March 7, 2012
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge