UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARMENCITA BRUNO,

                  Plaintiff,

v.                                                     1:12-CV-0285
                                                        (GTS/RFT)

CITY OF SCHENECTADY, City of Schenectady Police Dep't;
THOMAS MATTICE #75, Arresting Police Officer;
JOHN DOE #1, Arresting Police Officer;
JANE DOE #1, Intake Police Officer at Station;
JOHN DOE #2, Intake Police Officer at Station;
JOHN DOE #3, Police Officer at Hospital;
MICHAEL DELLAROCCO, City of Schenectady Fire Dep't Chief,
JOHN DOE #4, City of Schenectady Fire Dep't Captain;
CNTY. OF SCHENECTADY, Cnty. of Schenectady EMS Dep't,
JOHN / JANE DOE #5, Emp. of Schenectady Cnty. EMS Dep't;
VILLAGE OF SCOTIA, Village of Scotia Fire Dep't, and
JOHN / JANE DOE, Emps. of Village of Scotia Fire Dep't,

                  Defendants.
_____

APPEARANCES:

CARMENCITA BRUNO, ESQ.
  Plaintiff, *Pro Se*
64 Delaware Avenue, Suite 2
Delmar, New York 12054

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Carmencita Bruno ("Plaintiff") against the above-captioned individuals and municipalities ("Defendants") pursuant to 42 U.S.C. § 1983 and New York State law, is the Report-Recommendation of United States Magistrate Judge Randolph F. Treece recommending that Plaintiff's Complaint be sua sponte dismissed for failure to state a claim unless she files an Amended Complaint that states a claim

upon which relief can be granted. (Dkt. No. 4.) For the reasons set forth below, Magistrate Judge Treece's Report-Recommendation is adopted.

I.     RELEVANT BACKGROUND

Generally, in her Complaint, Plaintiff alleges that, after emergency personnel rejected her requests for assistance in rescuing seven dogs from her burning home, an altercation ensued between Plaintiff was emergency personnel, and Plaintiff was arrested. (Dkt. No. 1.) Based on these factual allegations, and liberally construed, Plaintiff's Complaint asserts the following federal claims against Defendants: (1) Defendants used excessive force against her, (2) Defendants falsely arrested Plaintiff; (3) Defendants deprived her of property without due process; and (4) Defendant Police Department failed to implement the proper policies, customs and practices with regard to the rescuing of canine pets during emergencies. (*Id*.) Plaintiff also asserts the following state common law claims against Defendants: (1) false imprisonment; (2) negligence; (3) negligent supervision; (4) conversion; and (5) battery. (*Id*.)

By Report-Recommendation dated March 7, 2012, the Magistrate Judge Treece recommended Plaintiff's Complaint be sua sponte dismissed for failure to state a claim (due to her failure to allege facts plausibly suggesting the personal involvement of Defendants in the violations alleged), unless she files an Amended Complaint that states a claim upon which relief can be granted. (Dkt. No. 4.)

Despite being advised of her right to file Objections to the Report-Recommendation, Plaintiff has not done so, and the deadline for the filing of such Objections has expired. (*See generally* Docket Sheet.)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.³  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.⁴  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*⁵

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

---

   ³    *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

   ⁴    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

   ⁵    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**B.     Standard Governing a Motion to Dismiss for Failure to State a Claim**

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases);

*Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Twombly*, 127 S. Ct. at 1968-69.  Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 1965.  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for

6

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[6] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil

---

[6] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

rights plaintiffs must follow.[7]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[8]  This is especially true where, as here, the plaintiff is an attorney.[9]

### III.  ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Treece's Report-Recommendation, the Court concludes that the Report-Recommendation is thorough, well-reasoned and correct.  Magistrate Judge Treece employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  (Indeed, Magistrate Judge Treece's Report-Recommendation would survive even a *de novo* review.)  As a result, the Court adopts the Report-Recommendation for the reasons stated therein.

---

[7]  *See Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[8]  It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

[9]  This is because the rationale for generally conferring special solicitude to pro se litigants is that, as non-attorneys, they are inexperienced or unfamiliar with legal procedures or terminology. *See* John C. Rothermich, "Ethical and Procedural Implications of 'Ghostwriting' for Pro Se Litigants: Toward Increased Access to Civil Justice," 67 *Fordham L. Rev.* 2687, 2697 (Apr. 1999) ("[T]pecial leniency afforded pro se pleadings in the courts . . . is designed to compensate for pro se litigants' lack of legal assistance.  Thus, if courts mistakenly believe that [a] . . . pleading was drafted without legal assistance, they might apply an unwarranted degree of leniency to a pleading . . . .  This situation might create . . . unfairness toward opposing parties.").

The Court would add only that Plaintiff's Complaint suffers from the following six additional pleading defects, which Plaintiff should correct in any Amended Complaint: (1) the fact that the Complaint appears to plead facts plausibly suggesting that grounds existed to arrest her for an offense such as obstructing governmental administration (*see, e.g.,* Dkt. No. 1, at ¶¶ 25-32),[10] which would preclude a claim for false arrest;[11] (2) the fact that many of the Complaint's federal claims appear to allege, at their core, mere negligence, which is not actionable under the United States Constitution and 42 U.S.C. § 1983;[12] (3) the fact that several of Plaintiff's claims appear barred by the doctrine of qualified immunity because the Complaint alleges facts plausibly suggesting that one or more of the individual Defendants on the fire scene reasonably believed that the dogs in question were already dead by the time Plaintiff arrived home and requested rescue (Dkt. No. 1, at ¶¶ 26-27); (4) the fact that her Complaint is unnecessarily long and its paragraphs improperly rambling, in violation of Fed. R. Civ. P. 8(a)(2) and 10(b);[13] (5) the fact that the Complaint erroneously ceases its sequential numbering of

---

[10]    Under New York Penal Law § 195.05, "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference . . . " N.Y. Penal Law § 195.05.

[11]    *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (holding that "existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest").

[12]    *See Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) ("[I]njuries inflicted by governmental negligence are not addressed by the United States Constitution."); *Pena v. Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) ("In order to establish a violation of a right to substantive due process, a plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' . . . [T]he Fourteenth Amendment is not a 'font of tort law.' . . . It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable. . . . '[N]egligently inflicted harm is categorically beneath the threshold of constitutional due process.' ") [citations omitted].

[13]    The Court notes that Plaintiff's entire Complaint is detailed, being some 163 paragraphs and 26 pages in length (14 pages of which are singled spaced and written in 11-point

paragraphs after Paragraph 92 (at the end of the "Facts" section), reverting to Paragraph "51" (at the start of the "Counts" section; and (6) the fact that the Complaint erroneously asserts claims by the "Smoaks" family against the "City of Cookeville, Tennessee" and "Defendants Hall, McWhorter, Lamb, Bush and Phann," regarding the Smoaks' family dog "Patton" (Dkt. No. 1, at ¶¶ 64-69).[14]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint be dismissed, and this action closed, unless, within **THIRTY (30) days** of the date of this Decision and Order, Plaintiff submits an amended complaint which complies with the recommendations made in Magistrate Judge Treece's Report-Recommendation (Dkt. No. 4). In the event that Plaintiff files an amended complaint within thirty (30) days from the date of this Decision and Order, the clerk is directed to return the file to the Magistrate Judge for further review.

Dated: June 12, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

font). (Dkt. No. 1.) Plaintiff is respectfully reminded that her Complaint must be double spaced and typed in 12-point font. N.D.N.Y. L.R. 10.1(a).

[14] It appears Plaintiff used an excerpt from the complaint in the case of *Smoak v. Hall*, 03-CV-0117 (M.D. Tenn.).