UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARMENCITA BRUNO,

                  Plaintiff,

v.                                               1:12-CV-0285
                                                (GTS/RFT)

CITY OF SCHENECTADY, *et. al*,

                  Defendants.
_____

APPEARANCES:                                     OF COUNSEL:

CARMENCITA BRUNO
  Plaintiff, *Pro Se*
Office of Cia Bruno
P.O. Box 64
Howes Cave, NY 12092

CARTER CONBOY, CASE, BLACKMORE,       MICHAEL J. MURPHY, ESQ.
MALONEY & LAIRD, P.C.
  Counsel for Defendants
20 Corporate Woods Boulevard
Albany, NY 12211

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* civil rights action by Carmencita Bruno ("Plaintiff") against various municipalities and municipal employees (collectively "Defendants"), is Plaintiff's motion for reconsideration of the Court's Decision and Order of February 20, 2014, which granted in part, and denied in part, Defendants' motions to dismiss, and denying Plaintiff's cross-motion for leave to file a Second Amended Complaint. (Dkt. Nos. 56, 59.) For the reasons set for below, the Court denies Plaintiff's motion.

## I. GOVERNING LEGAL STANDARD

Local Rule 7.1(g) of the Local Rules of Practice for this Court provides as follows, in pertinent part:

> **Motion for Reconsideration.** Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2). . . . The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g) (emphasis in original).

Generally, a court may justifiably reconsider its previous ruling if "[1] there has been an intervening change in controlling law, [2] there is new evidence, or [3] a need is shown to correct a clear error of law or to prevent manifest injustice." *United States v. Sanchez*, 35 F.3d 673, 677 (2d Cir.), *cert. denied*, 514, U.S. 1038 (1995); *accord*, *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983); 18B Wright & Miller, *Federal Practice and Procedure* § 4478, at 670-691 (2d ed. 2002 & Supp. 2009). Such is the standard for motions for reconsideration filed under Local Rule 7.1(g) in this District. *See, e.g., In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y.1995) (McAvoy, C.J.); *Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp .2d 223, 244 (N.D.N.Y.2002) (McCurn, S.J.); *Sumner v. McCall*, 103 F.Supp.2d 555, 558 (N.D.N.Y.2000) (Kahn, J.).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at

2

257. Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'. . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

II.     PARTIES' BRIEFING ON THE MOTION

    A.     Plaintiff's Memorandum of Law in Chief

Generally, in support of her motion, Plaintiff argues that the Court should restore her federal PETS Act claim, her seizure claim under the Fourth and Fourteenth Amendments, her takings claim under the Fifth Amendment, and her medical-indifference claim under the Fourteenth Amendment, and the Court should grant her leave to file a Second Amended Complaint, for the following seven reasons. (Dkt. No. 59, Attach. 1.)

First, argues Plaintiff, the Court should have construed her claims extra-liberally out of special solicitude to her as a "member of a protected class, under the American's Disability Act." (*Id*.)

Second, argues Plaintiff, the Court committed a clear error of law in dismissing her PETS Act claim on the ground that no private cause of action exists under the PETS Act, because a municipality's compliance with that Act is not discretionary but mandated. (*Id*.)

Third, argues Plaintiff, in concluding that Defendants did act unreasonably in refusing to rescue her dogs, the Court overlooked applicable law (i.e., *Carroll v. Cnty. of Monroe*, 712 F.3d 649 [2d Cir. 2013]). (*Id*.)

Fourth, argues Plaintiff, the Court committed a clear error of law in rejecting her conversion claim by (a) requiring proof, rather than simply plausible factual allegations, that her dog Satin was dead before the firefighters left, and (b) erroneously assuming that she needed to

3

go inside the house to rescue her dogs, when in fact they could have been brought outside the house to her. (*Id.*)

Fifth, argues Plaintiff, the Court committed a clear error of law when it rejected her substantive due process claim because she has alleged facts plausibly suggesting that the City Defendants' actions were so outrageously arbitrary as to be a gross abuse of governmental authority. (*Id.*)

Sixth, argues Plaintiff, the Court committed a clear error of law and/or a manifest injustice when it rejected her medical-indifference claim because, in both her original Complaint and Amended Complaint, she alleged facts plausibly suggesting that she possessed a serious medical need during the time in question, and that Defendants were criminally reckless with regard to that need. (*Id.*)

Seventh and finally, argues Plaintiff, the Court should have excused the procedural failures in her motion to amend. (*Id.*)

### B. Defendants' Opposition Memorandum of Law

Generally, in opposition to Plaintiff's motion, Defendants assert the following seven arguments. (Dkt. No. 60, Attach. 4.)

First, argue Defendants, Plaintiff has not demonstrated that manifest injustice has occurred or that the Court committed a clear error by not construing her claims extra-liberally, because (a) she has cited no authority supporting her entitlement to an extra-liberal construction under the circumstance, (b) the Court still construed her claims liberally, and (c) indeed, it construed them with "special liberality" in the alternative. (*Id.*)

Second, argue Defendants, to the extent Plaintiff attempts to base her motion on newly asserted factual allegations, the Court should reject that attempt because (a) such an amendment is not permissible during a motion for reconsideration, and (b) she has failed to provide any newly discovered evidence with regard to those allegations. (*Id*.)

Third, argue Defendants, the Court did not err in holding that the PETS Act is inapplicable to this case as a matter of law and that Plaintiff failed to allege facts plausibly suggesting a claim for unreasonable seizure under the Fourth Amendment, because the Second Circuit's decision in *Carroll v. County of Monroe* is inapplicable to the current case. (*Id*.)

Fourth, argue Defendants, the Court did not overlook controlling law or commit a clear error of law when it dismissed Plaintiff's cause of action for conversion because the Court properly found that (a) she failed to refute Defendants' legal arguments (thus lowering their burden on that portion of their motion), and (b) in any event, the allegations regarding her conversion claim were conclusory and speculative. (*Id*.)

Fifth, argue Defendants, the Court did not overlook controlling law or commit a clear error of law when it held that Plaintiff failed to state a claim of infringement of her right to due process, because (a) again, she failed to refute Defendants' legal arguments (thus lowering their burden on that portion of their motion), (b) in any event, she does not cite any legal authority to support her argument that withholding the rescuing of, and giving of medical treatment to, the dogs under the circumstances was outrageous, and (c) moreover, she failed to allege facts plausibly suggesting a direct causal link alleged between Defendants' conduct and her constitutional deprivation. (*Id*.)

Sixth, argue Defendants, the Court did not err in dismissing Plaintiff's claim of deliberate indifference to her medical needs, because (a) the new factual allegations presented in her motion for reconsideration were not presented in her Amended Complaint, and (b) in any event, she does not cite any legal authority to support her argument. (*Id.*)

Seventh and finally, argue Defendants, amendment of Plaintiff's Amended Complaint would be futile and would unfairly prejudice them. (*Id.*)

### C.  Plaintiff's Attempted Reply Memoranda of Law

While Plaintiff attempted to file both a reply and "corrected reply" to Defendants' opposition (attempts to which they objected and she defended), the Court declines to consider that reply and corrected reply on each of two grounds. (Dkt. Nos. 62, 63, 64, 65.)

First, in this District, reply papers on non-dispositive motions are not permitted without the Court's prior permission. N.D.N.Y. L.R. 7.1(g), 7.1(b)(2). Despite Plaintiff's forceful argument, the Court respectfully finds Plaintiff's motion for reconsideration to be nondispositive in nature, because the relief requested is simply reconsideration of a decision, not the litigation of a new dispositive motion.[1] Even if the Court were to consider the effect of the motion for reconsideration (if successful), here the effect would not be the dismissal of a claim or the entry of judgment on a claim. Moreover, the Court notes that part of Plaintiff's motion for reconsideration addresses that portion of the Court's decision and Order that denied Plaintiff's motion for leave to file a Second Amended Complaint (which certainly is non-dispositive in nature).

---

[1] *See, e.g., Brown v. Sixteen, Inc.*, 02-CV-4630, 2009 WL 1159161, at *3 (S.D.N.Y. Apr. 28, 2009) ("On November 3, 2005, this Court denied Summary Judgment for Defendant and Counterclaim Plaintiff Sixteen on the issue of res judicata. That denial was then followed by a motion for reconsideration and various other non-dispositive motions.").

Second, Plaintiff's reply "memorandum of law" is in actuality a declaration containing, *inter alia*, legal citations. (Dkt. Nos. 62, 63.) Such hybrid documents (sometimes critically referred to as "briefadavits" or "affirandums of law") are impermissible in this District.[2] In any event, even if the Court were to consider Plaintiff's reply, the Court would reach the same conclusion as it reaches below, in light of the substance of that reply.

### III. ANALYSIS

After carefully considering the matter, the Court denies Plaintiff's motion for the reasons stated in Defendants' opposition memorandum of law. *See, supra,* Part II.B. of this Decision and Order. The Court would add only the following two points.

First, so many cases exist standing for the point of law that attorneys proceeding *pro se* need not be afforded special solicitude that the Court need not supplement the cases cited by the County Defendants on pages 2 and 3 of their reply memorandum of law on their underlying motion to dismiss. (Dkt. No. 51, at 12-13 [attaching pages "2" and "3" of Cnty. Defs.' Reply Memo. of Law].) While the Court has been unable to find cases creating exceptions for situations in which such *pro se* attorneys are somewhat impeded in the practice of law by personal health concerns, the Court finds that any such exception (even if it existed) would not apply to Plaintiff: Plaintiff's papers have been typed and formatted properly, organized (e.g., framed around claims, legal issues and points of law), filled with analysis, and (almost always)

---

[2] *See also* N.D.N.Y. L.R. 7.1(a)(2) ("An affidavit must not contain legal arguments but must contain factual and procedural background that is relevant to the motion the affidavit supports."); *see, e.g., Duttweiller v. Eagle Janitorial, Inc.*, 05-CV-0886, 2009 WL 5171834, at *3 (N.D.N.Y. Dec. 22, 2009) (Suddaby, J.) (striking affidavit of counsel because [1] it was not based on personal knowledge of events giving rise to action and [2] it contained legal argument); *accord*, *Duttweiller v. Eagle Janitorial, Inc.*, 05-CV-0886, 2009 WL 1606351, at *2-3 (N.D.N.Y. June 4, 2009) (Suddaby, J.); *Road Dawgs Motorcycle Club of the U.S., Inc. v. 'Cuse Road Dawgs, Inc.*, 679 F. Supp.2d 259, 281-82 & n.54 (N.D.N.Y. 2009) (Suddaby, J.).

supported by authorities. In any event, special leniency does not completely relieve a *pro se* litigant of the pleading standards set forth in Fed. R. Civ. P. 8, 10, and 12.[3] Moreover, in the alternative, the Court has construed Plaintiff's claims with special liberality.[4]

Second, despite the fact that some four months have passed since Plaintiff was reminded of the red-lining defect in her proposed Second Amended Complaint and the lack of a supporting memorandum of law (Dkt. No. 56, at 38), Plaintiff has failed to even attempt to rectify those defects (*see generally* Dkt. Nos. 59, 62, 63, 65), thus reinforcing the Court's findings of undue delay, undue prejudice and futility.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 59) is **DENIED**.

Dated: June 16, 2014
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] *See Vega v. Artus*, 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak v. Gensini*, 629 F. Supp.2d 203, 214 & n.34 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).

[4] For the sake of brevity, the Court will set aside the bootstrapping nature of Plaintiff's argument that the Court must consider her allegedly debilitating head injury in order to extra-liberally construe her Amended Complaint as alleging a debilitating head injury (for purposes of, inter alia, a medical-indifference claim).