**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
CARMENCITA BRUNO,

                              Plaintiff,

          - v -                          Civ. No. 1:12-CV-285
                                                     (GTS/RFT)

CITY OF SCHENECTADY, *et al.*,

                             Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DISCOVERY ORDER

On January 28, 2015, Defendants filed a Status Report revealing that there may be deficiencies with regard to Bruno's responses to Defendants' Interrogatory and identifying other discovery disagreements. Dkt. No. 79, Defs.' Status Rep. Ms. Bruno filed a Letter-Motion in response. Dkt. No. 80, Pl's Lt.-Mot., dated Jan. 30, 2015. On February 12, 2015, a Hearing was held on the record. During the Hearing the Court made several Rulings which are incorporated by reference into this Discovery Order and summarized below.

### Rule 26 Mandatory Disclosures

Although Bruno may have responded to several of Defendants' discovery demands, those responses have not fully complied with Federal Rule of Civil Procedure 26(a)(1). Bruno shall provide "the name and, **if known**, the address and telephone number of each individual likely to have discoverable information[.]" FED.

R. CIV. P. 26(a)(1)(A)(i) (emphasis added).  This list of persons with discoverable information is much broader than just trial witnesses, but surely trial witnesses would be included. But, Bruno does not have to produce the names and their respective addresses if such information is not within her personal knowledge.  She does not have to research that information.  By serving the names and addresses upon Defendants, Bruno will not have to provide a narrative answer to Defendants' Interrogatory numbered 11.

Bruno shall make available for copying all of the documents within her possession or custody that may support her claims or be relevant to the defenses. FED. R. CIV. P. 26(a)(1)(A)(ii).

Bruno may have already calculated her damages but for some unknown reason that information had not been fully shared with Defendants.  The Court understands that Bruno may have medical bills that would support her calculations of damages. Accordingly, Bruno shall disclose her calculation of damages and, to the extent that she can, disclose supporting documentation. FED. R. CIV. P. 26(a)(1)(A)(iii).  In this regard, it appears that Bruno had prepared a document entitled "Exhibit A" which may be a calculation of her medical expenses.  To the extent that it still exists, Bruno shall serve it upon the Defendants.

Providing all of the documents in her possession will also satisfy Defendants'

Interrogatory numbered 12. Bruno has both the right and obligation to supplement her responses as more information may come into her possession.

## Authorizations

Defendants shall serve new medical and no fault authorizations upon Bruno. Bruno shall execute those authorizations and promptly return them to Defendants' Counsel. There shall be no restrictions or limitations within the authorizations.

Defendants assured Bruno on the record that her medical records will be used for the sole purpose of this litigation and, to the extent that they can, maintain them from the general public's purview until these issues are presented either in a dispositive motion or to a jury.

Because these authorizations will reveal the contents of her medical records and no fault file, Bruno will not be required to provide a narrative answer to Defendants' Interrogatories numbered 3, 6, 7, 8, 21, and 23. Further, since the medical records will reveal her injuries, Bruno will not have to provide a list of her injuries.

## Defendants' Interrogatory Numbered 2

There is some confusion as whether a video tape of Bruno's falling and striking her head exists. Defendants identified another video tape of the incident but it does not depict Bruno falling and striking her head. Defendants will serve upon Bruno another copy of the video that they currently possess. They will search their records

to see if there is another video depicting when Bruno may have hit her head on the concrete. Should such tape exist, Defendants shall disclose it to Bruno. And, if none exists, they shall advise Bruno, including any information as to whether it ever existed but is no longer obtainable. To the extent that Bruno may have a video of her falling, she shall disclose it to Defendants.

Bruno believes that the Schenectady County District Attorney may have the video of her falling and striking her head. As explained, it may be difficult to secure that video from the District Attorney, if it exists. Hopefully, Defendants may be able to obtain that video, if it exists, from the District Attorney's Ofice, and, if they are successful, they shall serve a copy upon Bruno. If the Defendants are unable to obtain the video from the District Attorney, they shall advise Bruno of its inaccessibility or nonexistence.

In conjunction with this video tape, Bruno raises the specter of spoliation. She strongly believes that such a tape exists and, if it doesn't, it was destroyed by Defendants. Because further searches for the video will continue, any consideration of a claim of spoliation is premature. Nonetheless, the Court preserves Bruno's right to raise the issue of spoliation at a later and more appropriate time.

**Defendants' Interrogatory Numbered 12**

Defendants' Interrogatory numbered 12 seeks a list of each alleged act of negligence. Bruno may have provided Defendants with a list but they claim that it is incomplete. If the list is incomplete, Bruno shall serve an updated list of those negligent acts. However, if the previous list is complete, Bruno shall advise Defendants that the list is complete and that there are no other acts of negligence to be asserted.

### Defendants' Interrogatory Numbered 16

This Interrogatory pertains to a photograph that may be in Bruno's possession. Bruno stated that she believes she has or had such a photograph but at the moment cannot locate it. She also submits that the photograph may also be in the possession of the Schenectady County District Attorney.

Bruno shall conduct another search of her records to determine if she does indeed have a copy of the photograph in question. If Bruno possesses such a photograph, she shall disclose it to the Defendants. As a suggestion, Defendants should attempt to discern if the District Attorney has this photograph and obtain a copy of it. If Defendants are able to obtain a copy of the photograph, they shall disclose it to Bruno. And, if Defendants are unable to obtain the photograph from the District Attorney's Office, they shall notify Bruno that the photograph is either inaccessible or may not exist.

### Defendants' Interrogatory Numbered 19

Bruno shall serve another and more complete response to this Interrogatory.

### Defendants Rule 34 Demands

Defendants state that they have served a Rule 34 Demand for Disclosure which has not been satisfactorily responded to by Bruno. Rule 34 requires the production of documents. The documents in Bruno's possession will, in all likely, be responsive to most of the demands. Bruno shall review the Defendants' Demand and respond accordingly.

### Bruno's Request for the Appointment of Counsel

Bruno renews her Request for the appointment of an attorney.

Civil litigants do not have a constitutional right to counsel. *United States v. Coven*, 662 F.2d 162, 276 (2d Cir. 1981), *cert. denied,* 456 U.S. 916 (1982). The only authority granted to a court to appoint counsel to an indigent party in a civil case is derived pursuant to 28 U.S.C. § 1915(e)(1). *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Nonetheless, indigence is not the sole basis for the appointment of counsel. Courts cannot utilize a bright-line test, such as an inability to retain an attorney, in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a

motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d at 61.).

This is not to say that all, or indeed any, of these factors are controlling in a particular case, however, of these criteria, the most important remains the merit of the claim. *McDowell v. State of New York*, 1991 WL 177271, at *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co.*, 877 F.2d 170, 172 (2d Cir. 1989) for the proposition that a court must determine "whether the indigent's positions [is] likely to be of substance"). Yet in deciding a motion to appoint, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

Bruno is an attorney who has managed her case fairly well even though she professes to having a disability that interferes with her efforts. Notwithstanding, the case does not have complex legal issues. She has been able to respond to motions and conduct legal research. She is prosecuting her claims much better than most *pro se* complainants.

Bruno feels strongly that she will succeed with her litigation and will not be deterred from seeking justice for the loss of her dogs and her injuries. The Court does not share the same view of her case principally because of its inability to assess the strength of her case at this juncture. Depositions have not been conducted. Without them, assessing the strength of her case remains premature.

Accordingly, the Court **denies** Bruno's application for the assignment of counsel as being premature. *See Leftridge v. Connecticut State Trooper No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011). However, the Court advises Bruno that if her case becomes trial ready, an attorney will be appointed to assist her at trial.

### Scheduling Order

Because discovery has come to a standstill and depositions have not occurred, the Court is compelled to extend the discovery deadline once again. The discovery deadline is **May 15, 2015.** The final day to file dispositive motions is **June 30, 2015.** All other provisions of the Scheduling Order shall remain in effect.

The parties shall respond to their discovery obligations as soon as it is possible. The parties shall engage in depositions as soon as they are practicable. Bruno shall determine, as soon as possible, if she intends on taking the deposition of her treating physician in order to preserve her testimony for trial.

**IT IS SO ORDERED**.

February 17, 2015
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge