**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CARMENCITA BRUNO,

                Plaintiff,

  - v -                                Civ. No. 1:12-CV-0285
                                            (GTS/DJS)

THE CITY OF SCHENECTADY, *et al.*,

                Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

CARMENCITA BRUNO
Plaintiff, *Pro Se*
Office of Cia Bruno
P.O. Box 64
Howes Cave, New York 12092

CARTER, CONBOY                      MICHAEL J. MURPHY, ESQ.
Attorney for the City of Schenectady Defendants
20 Corporate Woods Boulevard
Albany, New York 12211

GOLDBERG, SEGALLA                JONATHAN M. BERNSTEIN,
Attorney for Village of Scotia Defendants    ESQ.
8 Southwoods Boulevard
Suite 300
Albany, New York 12211-2526

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. INTRODUCTION AND PROCEDURAL HISTORY

The *pro se* Plaintiff seeks reconsideration of this Court's prior Discovery Order in which I granted in part and denied in part various objections by Defendants City of

Schenectady and the Village of Scotia to certain Requests for Admission pursuant to FED. R. CIV. P. 36 and Discovery Demands under Rule 34. Dkt. No. 164. This case was originally commenced in February 2012, and arises out of a fire that occurred at the Plaintiff's home in Schenectady, New York, on November 17, 2010, resulting in the loss of her seven dogs. Dkt. No. 8, Am. Compl. at ¶¶ 1-4. The original Complaint asserted various constitutional violations as a result of the alleged failure of authorities to rescue her dogs, and by actively preventing her from doing the same. *Id.* The case, as it presently stands after its return from the Second Circuit, is now limited to a § 1983 claim of medical indifference against the City Defendants and the Village Defendants.[1] The Schenectady Defendants deny that they were deliberately indifferent, as do the Village Defendants, who have also notified Plaintiff that they were not in fact even at the scene of the fire. Dkt. Nos. 57, 150, & 156.[2] The City Defendants oppose the Motion for Reconsideration, Dkt. No. 167, and Plaintiff has submitted reply papers in further support of the Motion. Dkt. Nos. 172-174.

In large measure, the disputed Requests for Admission deal with the contents of documents, the contents of the Plaintiff's deposition testimony, and the contents of legal decisions thought to be of certain precedential value. After hearing extensively from all the

---

[1] The Second Circuit affirmed the dismissal of all other of the Plaintiff's claims, including the allegation that she and her animals were improperly seized by the Defendants in violation of the Fourth Amendment. *Bruno v. City of Schenectady*, 727 Fed. Appx. 717, 720 (2d Cir.) ("[I]t was eminently reasonable for fire officials to temporarily prevent Bruno from entering her home while the fire on the premises was still under investigation."), *cert. denied sub nom. Bruno v. City of Schenectady, N.Y.,* 139 S. Ct. 259 (2018).

[2] Following the filing of this Motion, the parties signed and filed a stipulation of discontinuance as to the Village Defendants. Dkt. Nos. 171 & 175. To the extent this Motion seeks reconsideration as to any matter regarding the Village Defendants, it is now moot.

parties or their counsel, the Court issued a decision based on the proportional relevance of the discovery at issue. Dkt. No. 164; Text Minute Entry dated Nov. 8, 2018. With regard to the issue of Plaintiff's deposition answers and quotes from legal decisions, this Court found that there was no proportional relevance in those demands to the case and that the demands were not proper. In particular, the Request for Admissions concerning the deposition quotes appeared to be an improper attempt to introduce Plaintiff's own deposition testimony in a fashion not authorized by the Federal Rules. FED. R. CIV. P. 32(a).

In reviewing the present Motion for Reconsideration, Dkt. No. 165, it does not appear that Plaintiff takes issue with these rulings. However, as to additional Requests for Admissions that directly relate to certain documents, referenced as Exhibit C (one-page Cell Log); Exhibit D (two-page Schenectady Fire Department Patient Record); Exhibit E (three-page Mohawk Ambulance Service Patient Care Report); Exhibit F1 (one-page Ellis Hospital Emergency Triage Form); Exhibit F2 (three-page Ellis Hospital Emergency Physician Record); and Exhibit F3 (Ellis Hospital Department of Psychiatry Interdisciplinary Admission Assessment), Plaintiff does request that I reconsider my ruling, on the grounds that the initial ruling was legally erroneous, and that the issue of proportional relevance relied upon by the Court was not properly raised or supported by the Defendants in their objections. *Id.*

The Court's initial ruling ordered responses to the Requests for Admission which were focused on the authenticity and accuracy of the documents in question, but sustained objections to the multiple Requests for Admission that focused on a particular phrase in those

documents. Dkt. No. 164. In the Court's view, the numerous Requests (over 80) were not proportionally relevant to the particular needs of this case, in light of the fact that the Defendants had acknowledged the authenticity of the documents and Plaintiff possessed clear and accurate copies of the documents. This was particularly true since most of the documents in question were prepared by third parties.

## II. MOTION TO RECONSIDER

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting [ ] a motion [for reconsideration] is strict[.]" *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Plaintiff's Motion establishes none of these bases for consideration.

"To obtain reconsideration of a judgment based upon newly discovered evidence, each of the following four factors must be met: (1) newly discovered evidence is of facts existing at the time of the prior decision; (2) the moving party is excusably ignorant of the facts

despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative." *Kahn v. NYU Medical Center*, 2008 WL 190765, at *2 (S.D.N.Y. Jan. 15, 2008) (internal quotation marks omitted) (citation omitted).

Plaintiff's preliminary argument is that the Court is precluded from determining proportional relevance because this specific issue was not raised by the Defendants in their objections, and the Defendants have the burden of proof on this issue. Dkt. No. 165 at pp. 2-3, 6-9. As an initial matter, this claim does not appear to be entirely accurate. For example, the Village of Scotia in response to Plaintiff's Discovery Demands objected as follows: "Defendant has already supplied via its Rule 26 Disclosure documentation showing that the Village was not present. The request seeks information that is not proportional to the needs of the case. . . ." Dkt. No. 163 at p. 14.

Nevertheless, even if one or more of the Defendants failed to raise the issue of proportional relevance, that does not prevent the Court from considering this core concept in issuing any appropriate discovery order. Indeed, it is the Court's obligation to do so. "The parties *and the Court* have a collective responsibility to consider the proportionality of all discovery, and the Court must consider proportionality in resolving any discovery disputes." Moore's Federal Practice § 26.43 (citing Advisory Committee Note (2015)) (emphasis added). This principle is emphasized in Rule 1 of the Federal Rules of Civil Procedure, and Rule 26(b)(2)(C) specifically allows the Court to issue a protective order on its own initiative.

With regard to Plaintiff's remaining arguments, those arguments merely rehash items already considered by the Court in its initial decision. In making its ruling the Court does not dispute the general principle that Requests for Admission can properly be used to establish the authenticity or genuineness of a document; indeed, Rule 36 itself specifically contemplates that function. Nor does the Court dispute that in a proper case, particularly one where the wording of a legal contract is at issue, a party may properly identify terms in the writing and seek an admission as to those. *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 80-81 (N.D.N.Y. 2003); *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000). The present case, however, does not present this type of issue, and is much more akin to the case of *Van Wagenen v. Consol. Rail Corp.*, 170 F.R.D. 86, 87 (N.D.N.Y. 1997), wherein Magistrate Judge Homer held that requests for admission as to the accuracy of sentences in a document that has already been admitted as authentic, are requests that are "unreasonably duplicative and cumulative within the meaning of Rule 26(b)(2)(i)."[3]

As with any discovery device, limits with regard to proportional relevance on Requests for Admission are properly imposed by the Court. Requests for Admission are required to be simple and direct, and should promote the overall function of narrowing the factual issues in the case for trial. In the Court's view requiring the parties to engage in an extensive request for admission process over and above the critical issue of admitting the

---

[3] Similarly, "'[a] request for admission as to whether or not a particular witness testified to certain information at a deposition is duplicative of the deposition itself' and may properly be objected to on that ground." *Asarco LLC v. Union Pac. R.R. Co.*, 2016 WL 1755241, at *12 (D. Idaho May 2, 2016) (quoting *Caruso v. Coleman Co.* 1995 WL 347003, *2 (E.D. Pa. 1995)).

authenticity and accuracy of the documents in question is simply not warranted in light of the limited issues in the case. Accordingly, the Court denies Plaintiff's Motion for Reconsideration.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Reconsideration (Dkt. No. 165) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this order upon the parties to this action.

**SO ORDERED**.

Date: December 17, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge